UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Bradley Todd**, *aka* Leamon Bradley Todd, | ) C/A No. 3:05-0922-24BD |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| **National Aeronautics and Space Administration (NASA)**; **Central Intelligence Agency (CIA)**; and **State of South Carolina**, | ) |
| Defendants. | ) |

_____

## *Background of this Case*

The plaintiff is confined at a residential care facility, which is under contract to the South Carolina Department of Mental Health. The plaintiff has submitted a pleading, purportedly raising civil rights claims, in letter form. The plaintiff has apparently filed the case here after the Clerk's Office of the Supreme Court of the United States apprised the plaintiff that the pleading could not be filed in the Supreme Court of the United States.[1] The Clerk of

---

[1] The plaintiff is obviously "in custody." For example, federal courts have long assumed that the "in custody" jurisdictional requirement is satisfied when a habeas applicant seeks release from involuntary confinement in a mental institution to which he or she has been
(continued...)

1

Court has filed the pleading as of the date it was received for docketing.[2] Since the pleading does not contain a caption, the undersigned has authorized the Clerk to docket the National Aeronautics and Space Administration (NASA), the Central Intelligence Agency (CIA); and the State of South Carolina as defendants.

In the pleading, the plaintiff refers to a company that he founded in 1987, Venus Enterprises. The plaintiff appears to be alleging that various state and federal governmental agencies or departments have conspired with one another to have the plaintiff committed to a mental institution, so that the plaintiff's copyrights could be "deleted" and the defendants could

---

(...continued)
civilly committed pursuant to the order of a state court. *See, e.g.*, Sarzen v. Gaughan, 489 F.2d 1076, 1081-82 (1st Cir. 1973); Bailey v. Gardebring, 940 F.2d 1150, 1153 (8th Cir. 1991), *cert. denied sub nom.,* Bailey v. Noot, 503 U.S. 952 (1992); United States ex rel. Stachulak v. Coughlin, 520 F.2d 931, 933-34 (7th Cir. 1975), *cert. denied sub nom.* Coughlin v. Stachulak, 424 U.S. 947 (1976); Norwood v. Jacobs, 430 F.2d 903, 903-04 (D.C. Cir. 1970). *See also* 2 Liebman & Hertz, Federal Habeas Corpus Practice and Procedure 202 & n. 20, § 8.2(d)(2d ed. 1988)("incarceration" for purposes of federal habeas corpus petitions encompasses confinement in a mental health facility or mental hospital).

[2]The "date received for docketing" means the date that the pleading is received at the case manager's or docket clerk's work station, and, hence, does *not* mean the date that the pleading was sent to the Clerk for assignment or the date the pleading was placed in the transmittal bags for delivery to a divisional office. In the event that a limitations issue arises in the above-captioned case, the plaintiff will have the benefit of the holding in Houston v. Lack, 487 U.S. 266, 101 L.Ed.2d 245, 108 S.Ct. 2379, 1988 U.S. LEXIS® 2875 (1988)(prison mailbox rule). The Houston v. Lack "delivery" date in the above-captioned case is March 22, 2005.

acquire the plaintiff's ownership interest in Venus Enterprises.[3]

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996);

---

[3] The plaintiff raised similar allegations in a habeas corpus action filed in December of 2000. *See* habeas corpus petition filed in Leamon Bradley Todd v. Charles Condon, Attorney General of South Carolina, Civil Action No. 0:00-3884-24BD. In a Report and Recommendation filed in Civil Action No. 0:00-3884-24BD on December 21, 2000, the undersigned recommended summary dismissal of the petition for failure to exhaust state remedies. The plaintiff (the petitioner in Civil Action No. 0:00-3884-24BD) filed timely objections to the Report and Recommendation on January 11, 2001. On April 30, 2001, the Honorable Margaret B. Seymour, United States District Judge, adopted the Report and Recommendation. No appeal was filed in Civil Action No. 0:00-3884-24BD.

In the above-captioned case, this court may take judicial notice on Civil Action No. 0:00-3884-24BD. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970). *See also* Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239, 1989 U.S.App. LEXIS® 16328 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[4]

*Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, this complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller

---

[4] Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352, 1998 U.S.App. LEXIS® 13210 (4th Cir. 1998). Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. Further, since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399, 1999 U.S.App. LEXIS® 20859 (4th Cir. 1999), *cert. denied*, Pinkley, Inc. v. Servacek, 528 U.S. 1155, 2000 U.S. LEXIS® 1043 (2000)(*citing* Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 337, 327 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Bulldog Trucking, supra, 147 F.3d at 352. *See also* F. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." Davis v. Pak, 856 F.2d 648, 650, 1988 U.S.App. LEXIS® 12311 (4th Cir. 1988)(*citing* McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936)).  To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]"  If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." Pinkley, Inc., supra, 191 F.3d at 399 (*citing* 2 Moore's Federal Practice § 8.03[3] (3rd edition 1997)). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. Lovern v. Edwards, 190 F.3d 648, 654, 1999 U.S.App. LEXIS® 20860 (4th Cir. 1999).  If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. Id.

First, with regard to the two federal (agency) defendants, the United States cannot be sued without its express consent, and express consent is a prerequisite to a suit against the United States. United States v. Mitchell,

6

463 U.S. 206, 212 (1983). The bar of sovereign immunity cannot be avoided by naming officers or employees of the United States as defendants; Gilbert v. Da Grossa, 756 F.2d 1455, 1458 (9th Cir. 1985). *Cf.* Hawaii v. Gordon, 373 U.S. 57, 58 (1963); nor can the bar of sovereign immunity be avoided by the filing of a suit against a federal agency or a federal department, such as NASA or the CIA. *See* Campbell v. United States, 496 F. Supp. 36, 37-38 & n. * (E.D.Tenn. 1980).

Even if this case could be treated as one brought under the Federal Tort Claims Act (FTCA), the United States Government would still be entitled to summary dismissal on the basis of sovereign immunity. Since a suit under the Federal Tort Claims Act lies only against the United States, a federal district court lacks subject-matter jurisdiction over claims asserted against federal agencies or individual federal employees. *See* Myers and Myers, Inc. v. United States Postal Service, 527 F.2d 1252, 1256 (2nd Cir. 1975).[5] Additionally, even if a proper Defendant had been named, before proceeding with a claim under the FTCA, an administrative claim must first be filed with the appropriate federal agency before commencement of a civil

---

[5]The Federal Tort Claims Act (FTCA) waives the sovereign immunity of the United States in certain situations. However, to bring an action under that Act, litigants must strictly comply with the requirements of the FTCA. *See* 28 U.S.C. § 2675; and United States v. Kubrick, 444 U.S. 111, 117-118 (1979).

action in a district court.  *See* 28 C.F.R. § 14.2; the Standard Form 95; and 28 U.S.C. § 2401(b) (a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues").  There is no indication in the pleadings submitted that the plaintiff has filed an administrative claim with the United States Department of Justice.  Under the FTCA, "the requirement of filing an administrative claim is jurisdictional and may not be waived."  Henderson v. United States, 785 F.2d 121, 123, 1986 U.S.App. LEXIS® 22913 (4th Cir.1986), which is cited in Kokotis v. United States Postal Service, 223 F.3d 275, 278, 2000 U.S.App. LEXIS® 18655 (4th Cir. 2000).

As for the defendant State of South Carolina, the Eleventh Amendment divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department.  Hence, the plaintiff's claims against the State of South Carolina or its unified judicial system[6] are barred by the Eleventh Amendment.  *See, e.g.,* Federal

---

[6]The Supreme Court of South Carolina, the Court of Appeals of South Carolina, Courts of General Sessions, Courts of Common Pleas, Family Courts, Probate Courts, magistrate's courts, and municipal courts are in a unified judicial system.  *See* Article V, Section 1 of the Constitution of the State of South Carolina ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); City of Pickens v. Schmitz, 297 S.C. 253, 376 S.E.2d 271, 272, 1989
(continued...)

Maritime Commission v. South Carolina State Ports Authority, 535 U.S. 743, 152 L.Ed.2d 962, 122 S.Ct. 1864, 2002 U.S. LEXIS® 3794 (2002); Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356, 148 L.Ed.2d 866, 121 S.Ct. 955, 2001 U.S. LEXIS® 1700 (2001); Kimel v. Florida Board of Regents, 528 U.S. 62, 145 L.Ed.2d 522, 120 S.Ct. 631, 2000 U.S. LEXIS® 498 (2000)(Congress exceeded its authority in making Age Discrimination in Employment Act [ADEA] applicable to States); Alden v. Maine, 527 U.S. 706, 4601, 144 L.Ed.2d 636, 119 S.Ct. 2240, 1999 U.S. LEXIS® 4374 (1999); Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984)(although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); Belcher v. South Carolina Board of Corrections, 460 F. Supp. 805, 808-809 (D.S.C. 1978); and Simmons v. South Carolina State Highway Dept., 195 F. Supp. 516, 517 (E.D.S.C. 1961).

---

(...continued)
S.C. LEXIS® 5 (1989); Cort Industries Corp. v. Swirl, Inc., 264 S.C. 142, 213 S.E.2d 445, 446 (1975); and State ex rel. McLeod v. Civil and Criminal Court of Horry County, 265 S.C. 114, 217 S.E.2d 23, 24 (1975). The entity known as the South Carolina Court Administration operates the State of South Carolina's unified judicial system pursuant to the authority delegated by the Supreme Court of South Carolina. *See* Article V, Section 4 of the Constitution of the State of South Carolina; and Bailey v. State, 309 S.C. 455, 424 S.E.2d 503, 1992 S.C. LEXIS® 239 (1992).

## *Recommendation*

Accordingly, it is recommended that the Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and "new" 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the Notice on the next page.

                                        Respectfully submitted,

                                        s/ BRISTOW MARCHANT

Columbia, South Carolina          Bristow Marchant
                                        United States Magistrate Judge

April 6, 2005

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**

# The *Serious Consequences* of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**